UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES HANNIGAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:26-cv-11580-IT |
| | * | |
| LEIDOS ENGINEERING, LLC, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

September 23, 2026

TALWANI, D.J.

Before the court is Defendant Leidos Engineering, LLC's ("Leidos LLC") Motion to Dismiss [Doc. No. 21] Plaintiff James Hannigan's Complaint [Doc. No. 1]. After consideration of the parties' briefings and the docket in Hannigan v. Leidos, Inc. ("Hannigan I"), 1:25-cv-13106-IT, the Motion to Dismiss [Doc. No. 21] is DENIED.

Leidos LLC argues that (1) amendment of the complaint in Plaintiff's earlier action Hannigan I would have been untimely, see Mem. ISO Mot. to Dismiss 1 [Doc. No. 22]; (2) Plaintiff engaged in "impermissible claim splitting" by filing the new action, id.; and (3) the best way for the court to remedy Plaintiff's "gamesmanship" in filing a second action is to dismiss this case and Plaintiff's claims against Leidos LLC, id. at 9–10. Leidos LLC asserts further that if the court allows this action to proceed, Plaintiff should be required to pay Leidos LLC's attorney's fees and costs in re-deposing Plaintiff. Id. at 1.

As a threshold matter, the court finds that Leidos, Inc.'s refusal to consent to the amendment of the complaint to add Leidos LCC as a defendant in Hannigan I unwarranted. Defense counsel represented to the court at the scheduling conference in Hannigan I that the

dispute centered on whether Plaintiff had been terminated for purposes of Massachusetts Wage Act when he was informed that he was being laid off (as Plaintiff contended) or if he was still an employee under Leidos policy when the purported late wages were paid. Based on counsel's description of the nature of the dispute, the court adopted the parties' proposed expedited schedule, setting a deadline for amendments to pleadings without cause for just three weeks after initial disclosures were served, and prior to production of discovery responses. See Scheduling Order 1–2, Hannigan I [Doc. No. 17]. Leidos, Inc.'s reliance on the expedited deadline set by the court was misplaced where counsel failed to mention in either the Joint Statement Pursuant to Local Rule 16.1, Hannigan I [Doc. No. 14], or at the scheduling conference in Hannigan I that there was any dispute as to whether Plaintiff had sued the correct party. The refusal to consent to a motion to amend in these circumstances was also contrary to Fed. R. Civ. P. 1's directive that the federal rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceedings."[1]

The question posed by Leidos LLC's pending Motion to Dismiss [Doc. No. 21] is whether, faced with Leidos, Inc.'s refusal to consent to a motion to amend, Plaintiff's filing of a new action against Leidos LLC amounted to "claim-splitting." See Mem. ISO Mot. to Dismiss 7-9 [Doc. No. 22]. Leidos LLC argues that claim-splitting applies here based on the "identicality

---

[1] Notably, Leidos, Inc., made no effort to identify the purported employer in either its Answer or its initial disclosures. Instead, the initial disclosures identified defense witnesses by name and position ("HR Business Partner[,]" and "Plaintiff's former manager") without listing the entity on whose behalf the individuals performed these roles, Affidavit Opp. Mot. to Dismiss, Ex. C., at 2–3, and identifying "Leidos' Termination and Layoff Procedure Policy" as documents Leidos, Inc., would use in its defense of the action, without identifying whether "Leidos" in the context of the policy referred to any entity other than Leidos, Inc.), id. at 3. That the witnesses identified in Leidos, Inc.'s initial disclosures were employed by Leidos LLC was finally clarified in Leidos, Inc.'s written discovery responses served on March 13, 2026. See Affidavit Opp. Mot. to Dismiss, Ex. D., at 5 [Doc. No. 27-4].

between the parties in the two actions." Id. at 5 (internal quotations omitted). That argument might have some persuasive force if Leidos, Inc., was defending the Wage Act claim on the merits. But where Leidos, Inc., is contending instead that it was not Plaintiff's employer, its simultaneous claim that there is "identicality" for purposes of claim-splitting between it and the entity it contends was Plaintiff's employer rings hollow.

In any event, the fundamental concern of the claim-splitting doctrine is "a district court's obligation to manage its docket efficiently." Ecolab Inc. v. IBA, Inc., 810 F. Supp. 183, 190 (D. Mass. 2025). The doctrine does not present a "rigid test" but an opportunity for the court to "consider the equities of the situation when exercising its discretion." Connectu LLC v. Zuckerberg, 522 F.3d 82, 89 n.5 (1st Cir. 2008) (internal quotation omitted). For that reason, even "[w]hen claim splitting occurs, a district court may stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions." Ecolab Inc., 810 F. Supp. at 190 (citation modified).

Here, the court finds that the equities favor consolidation of the cases. Not only has no judgment entered in Hannigan I, but fact discovery there is stayed. Elec. Order, Hannigan I, 1:25-cv-13106-IT [Doc. No. 35]. The record reflects that Plaintiff continues to "maintain[] that Leidos, Inc., was his employer"[2] and that he filed this litigation not as gamesmanship but to ensure that, if he is correct that his final wages were paid late and Leidos, Inc. is correct that Leidos LLC was his employer, the responsible party is before the court.

[2] Plaintiff offers some support for this claim, including that the purportedly late wages appear to have been paid by Leidos, Inc., not Leidos LLC, and that his FMLA paperwork identified his employer as Leidos, Inc. See Affidavit Opp. Mot. to Dismiss, Ex. A, at 3, 5 [Doc. No. 27-1].

Because Leidos LLC provides no compelling reason that dismissal or any other requested relief is warranted, the Motion to Dismiss [Doc. No. 21] is DENIED. An order consolidating the cases will be issued separately.

IT IS SO ORDERED.

September 23, 2026

/s/ Indira Talwani
United States District Judge